IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL L. WARD,

    Plaintiff,

v.

AMBER R. WORTHEN VASQUEZ, et al.,

    Defendants.

Civ. No. 6:16-cv-00342-MC

OPINION AND ORDER

MCSHANE, Judge:

    Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, in an action against various defendants alleging grievances that appear to be related to an adverse custody ruling in the Deschutes County Circuit Court. *See* Compl., 3–5, ECF No. 1.

    The complaint appears to focus on issues surrounding plaintiff's child custody litigation in state court. It fails, however, to state any clear claim over which this court would have jurisdiction. This Court may dismiss claims *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). Upon review, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend, and plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff broadly seeks relief under the Due Process Clause, 18 U.S.C. § 1001, and 42 USC § 1983, among other sections. *See* Compl. 3, ECF No. 1. To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such facts are presumed true and must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's allegations, at least as currently articulated, are insufficient to state a claim. To properly state a claim, plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). Plaintiff must, in an amended complaint, specify the claim or claims that he is asserting against the named defendants. For example, because plaintiff asserts a claim under 42 U.S.C. § 1983, he must specify which actions give rise to his § 1983 claim and the damages arising therefrom. Merely writing "Time is of the Essence," listing his various grievances with the action of defendant Amber Worth, and alleging

2 – OPINION AND ORDER

bias on the part of state judges does not articulate a claim under which relief may be granted pursuant to the standards of *Twombly* and *Iqbal*, above.

## CONCLUSION

For these reasons, plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend, plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above, otherwise this action will be dismissed with prejudice.** The Clerk of the Court shall not issue process until further order of this Court.

IT IS SO ORDERED.

DATED this 2nd day of February, 2016.

                                                Michael J. McShane
                                              United States District Judge