IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHEAL L. WARD,

        Plaintiff,

        v.

AMBER R. WORTHEN VASQUEZ,
et al.,

        Defendants.

Civ. No. 6:16-cv-00342-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff, *pro se*, brings this motion to proceed *in forma pauperis*, ECF No. 2, in an action against various defendants alleging grievances that appear to be related to an adverse custody ruling in the Superior Court of Washington for King County. *See* Compl., ECF No. 1.

On March 2, 2016, this Court issued an Opinion and Order, ECF No. 6, dismissing Plaintiff's Complaint with leave to amend. In that Order, the Court identified a number of discrepancies in Plaintiff's allegations and determined that the Complaint failed to state a claim upon which relief can be granted. *See id.* at 2. Plaintiff then filed his Amended Complaint, which he entitled "Void Ab Initio Judgment." ECF No. 8.

Federal Civil Procedure Rule 12(h)(3) provides: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); see also *Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Moreover, this Court may dismiss a claim *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon

1 – OPINION AND ORDER

which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Likewise, if a plaintiff proceeds *in forma pauperis*, this Court is required to dismiss "the case at any time if the court determines that" the action or appeal is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

Upon review, Plaintiff's Amended Complaint, ECF No. 8, is DISMISSED with prejudice in its entirety.

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears pro se, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). This Court must give a *pro se* litigant "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotation marks omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

## DISCUSSION

Plaintiff appears to broadly seek relief under the Due Process Clause, 18 U.S.C. § 1001, and 42 USC § 1983, among other sections. *See* Compl. 3, ECF No. 1. To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such facts are presumed true and must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Upon review, Plaintiff's Amended Complaint appears to be an attempt at an end run around state court custody proceedings. Plaintiff claims state court proceedings which ostensibly resulted in revocation of custody of his child constitute kidnapping and fraud upon him.

While I find Plaintiff's situation unfortunate, his challenge is barred by the *Rooker-Feldman* doctrine, which precludes lower federal courts from hearing claims that collaterally attack prior state court decisions. *See Ignacio v. Judges of U.S. Court of Appeals for the Ninth Circuit*, 453 F.3d 1160, 1165 (9th Cir. 2006); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923).

Under the *Rooker-Feldman* doctrine, federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. at 482-86; *Rooker v. Fidelity Trust Co.*, 263 U.S. 415-16. "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *quoting Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859, *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *citing Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.*, *quoting Bianchi*, 334 F.3d at 898. In essence, the *Rooker-*

3 – OPINION AND ORDER

*Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citations omitted).

Here, Plaintiff plainly seeks relief from a state court judgment regarding custody over his child. His current claims are "inextricably intertwined" with the complained-of decision of the Superior Court of Washington for King County. Because no amendment of the Amended Complaint could effectively cure this jurisdictional deficiency, Plaintiff's Complaint is dismissed in its entirety.

## CONCLUSION

For these reasons, Plaintiff's Amended Complaint, ECF No. 8, is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this *1ᵗ* day of March, 2016.

**Michael J. McShane**
**United States District Judge**